**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JOSHUA DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | Case: 4:23-cv-01238 |
| ) | |
| v. ) | |
| ) | |
| **LUTHERAN SENIOR SERVICES** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |
| ) | |

## COMPLAINT

Plaintiff, Joshua Davis ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Lutheran Senor Services ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act

of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Joshua Davis, resided in Peoria County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Lutheran Senior Services, was a corporation doing business in and for St. Louis County whose address is 1150 Hanley Industrial Ct., St. Louis, MO 63144.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a Dietary Specialist from July 11, 2022 until his unlawful termination on or around September 1, 2022.

12. Plaintiffs essential duties included but were not limited to:

- Plan, prepare, and cook food items;

- Ensure work station remains organized and efficient;
- Ensure proper food handling and sanitation; and
- Maintain excellent service and positive demeanor towards co-workers and residents.

13. Plaintiff suffers from multiple disabilities such as Bertolotti Syndrome, Scoliosis, Degenerated Disc Disease, and has gunshot wounds with bullets lodged in his spine impinged on nerves and discs.

14. Plaintiff's disabilities result in severe back pain that substantially limits major life activities.

15. Regardless of his disability, Plaintiff could perform the essential functions of the job with or without accommodations.

16. Plaintiff is a "qualified individual" as defined under the ADA.

17. On or about September 9, 2022, Plaintiff's symptoms of his disabilities were exacerbating to the point where he could barely walk.

18. Due to the extreme pain resulting from Plaintiff's disability, Plaintiff requested a reasonable accommodation in the form of a day off of work to rest.

19. Supervisor, Rachel (Last Name Unknown), approved Plaintiff's request for reasonable accommodation.

20. However, the very next day, September 10, 2022, Plaintiff was fired for engaging in the protected activity of utilizing approved accommodations for his disability.

21. To note, that it is rare that Plaintiff would need to request off from work as a reasonable accommodation.

22. Ultimately, on or about September 10, 2022, Plaintiff was terminated on the basis

of Plaintiff's disability and for engaging in a protected activity as described above.

23. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

24. Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

25. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

26. Plaintiff met or exceeded performance expectations.

27. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

28. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

29. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

30. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

31. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

32. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Retaliation)

33.     Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

34.     Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

35.     During Plaintiff's employment with Defendant, Plaintiff utilized approved accommodations.

36.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

37.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff utilizing approved accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

38.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

39.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

40.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.     Back pay with interest;

  b.  Payment of interest on all back pay recoverable;

  c.  Front pay;

  d.  Loss of benefits;

  e.  Compensatory and punitive damages;

  f.  Reasonable attorneys' fees and costs;

  g.  Award pre-judgment interest if applicable; and

  h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 2nd day of October, 2023.

        */s/ Nathan C. Volheim*
        **NATHAN C. VOLHEIM, ESQ.**
        **SULAIMAN LAW GROUP LTD.**
        2500 S. Highland Avenue, Suite 200
        Lombard, Illinois 60148
        Phone (630) 568-3056
        Fax (630) 575 - 8188
        nvolheim@sulaimanlaw.com
        *Attorney for Plaintiff*